UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JAMES PRESTON SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No. 5:05-0884 |
| | ) |
| **CHARLES HAYDEN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

On November 4, 2005, Plaintiff, acting *pro se* and in confinement at USP Terre Haute, in Terre Haute, Indiana,[1] filed his Complaint in this matter claiming entitlement to relief for alleged violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[2] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

**A.   Criminal proceedings.**

By a single count Indictment filed on September 1, 1999, Plaintiff was charged in this United States District Court with possessing a firearm after having been convicted of a felony, in

---

[1] Plaintiff is currently incarcerated at USP Pollock, in Pollock, Louisiana.

[2] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 99-0161, Docket No. 1.) On April 7, 2000, Plaintiff pled guilty, pursuant to a written plea agreement, to the charge contained in the Indictment. (Id., Document Nos. 54 and 55.) Plaintiff's sentencing hearing was conducted on July 10, 2000. Based upon Plaintiff's six prior burglary convictions, the presiding District Judge determined that Plaintiff qualified for an enhanced sentence of not less than 15 years under 18 U.S.C. § 924(e), the Armed Career Criminal Act. Plaintiff was sentenced to a 207-month term of imprisonment, to be followed by a five-year term of supervised release. (Id., Document No. 63.) Plaintiff filed an appeal in the United States Court of Appeals for the Fourth Circuit, claiming that the District Court should have granted his motion to suppress evidence seized from his person during a pat-down search, that the statute under which he was convicted was unconstitutional, and that his sentence should not have been enhanced under the Armed Career Criminal Act based upon his prior burglary convictions. On September 17, 2001, the Fourth Circuit affirmed the District Court's judgment. United States v. Smith, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001). Specifically, the Fourth Circuit found that the warrantless pat-down search of Plaintiff incident to his arrest was not unlawful, that the felon in possession statute does not violate the Second Amendment or the Commerce Clause of the United States Constitution, and that Plaintiff's sentence was properly enhanced under the Armed Career Criminal statute. Plaintiff requested review in the United States Supreme Court. His request was denied by the Supreme Court on February 25, 2002. Smith v. United States, 534 U.S. 1165, 122 S.Ct. 1180, 152 L.Ed.2d 122 (2002).

**B.     Prior post-conviction filings.**

On November 29, 2004, Plaintiff filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in this district court. (Civil Action No. 04-01262, Document No. 1.) On June

14, 2005, Plaintiff filed a Petition in the United States District Court for the District of Kansas, which was determined to be another Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Kansas Court transferred that matter to this District, and the case was assigned Case No. 5:05-cv-0633. In both matters, Plaintiff asserted claims of ineffective assistance of counsel. (Civil Action No. 05-0633, Document No. 9.) The undersigned entered his Proposed Findings and Recommendation on December 2, 2005, recommending that the above cases be consolidated and dismissed as untimely. (Civil Action No. 04-01262, Document Nos. 41; Civil Action No. 05-0633, Document No. 24.) By Memorandum Opinion and Judgment Order entered on December 22, 2005, District Judge Joseph R. Goodwin adopted the undersigned's proposed findings and dismissed the above cases as untimely. (Civil Action No. 04-01262, Document Nos. 43 and 44; Civil Action No. 05-0633, Document Nos. 25 and 26.) Plaintiff did not appeal.

On June 19, 2006, Plaintiff filed three separate documents, which were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Those matters were: Smith v. Hayden et al., 5:06-cv-0479, Smith v. United States et al., 5:06-cv-0480, and Smith v. United States, 5:06-cv-0481. Magistrate Judge Mary E. Stanley submitted her Proposed Findings and Recommendation on September 5, 2006, recommending that the petitions be dismissed as second or successive motions to vacate, set aside or correct Plaintiff's sentence. (Civil Action No. 06-0479, Document No. 6; Civil Action No. 06-0480, Document No. 6; and Civil Action No. 06-0481, Document No. 6.) By Judgment Order entered March 8, 2007, District Judge Thomas E. Johnston adopted the proposed findings and dismissed the three actions. (Civil Action No. 06-0479, Document No. 13; Civil Action No. 06-0480, Document No. 13; and Civil Action No. 06-0481, Document No. 13.)

On August 17, 2006, Plaintiff filed another document, which was docketed as a Complaint

3

under Bivens alleging violations of Plaintiff's rights under the Second Amendment to the United States Constitution. (Civil Action No. 06-0645, Document No. 1.) Judge Stanley submitted her Proposed Findings and Recommendation proposing that Judge Johnston find that the complaint was actually a second or successive motion to vacate, set aside or correct Plaintiff's sentence and, thus, it should be dismissed as such under 28 U.S.C. § 2255. (Id., Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, Judge Johnston adopted the findings and dismissed the action. (Id., Document Nos. 8 and 9.)

On November 20, 2006, Plaintiff filed four other documents. The first was a document entitled "In the alternative writ of error habeas corpus cum causa Rule 17.1 - 28 U.S.C. 1251 - Amendment II Order to show cause." (Civil Action No. 06-0990, Document No. 1.) That document was assigned Case No. 5:06-cv-0990. (Id.) The second document filed by Plaintiff on November 20, 2006 was entitled "Writ of Habeas Corpus 28 U.S.C. § 2241 Federal rules of civil procedure 81(a)(2) Non-Statutory Habeas Corpus." (Civil Action No. 06-0991, Document No. 1.) That document was docketed as Case No. 5:06-cv-0991. (Id.) The third document filed by Plaintiff on November 20, 2006 was entitled "QuoWarranto (a)(2) Scire ficias against Judge or others No traverse FOR VIOLATION OF THE UNITED STATES CONSTITUTION." (Civil Action No. 06-0992, Document No. 1.) That document was assigned Case No. 5:06-cv-0992. (Id.) The fourth document filed by Plaintiff on November 20, 2006, was entitled "Writ of Mandamus Pursuant to 28 U.S.C. Soldiers and Sailors civil Relief clause 28 U.S. Code 1333." (Civil Action No. 06-00993, Document No. 1.) That document was assigned Case No. 5:06-cv-00993. (Id.) In all four of these documents, Plaintiff again challenged the constitutionality of his firearms conviction.

On December 15, 2006, Plaintiff filed another document entitled "STATUTORY & NON-

STATUTORY WRIT OF HABEAS CORPUS in the alternative writ of mandamus writ of procedendo writ of error writ of certiorari writ of habeas corpus cum causa writ of habeas corpus ad testificandum, Writ of privilege and ORDER TO SHOW CAUSE 28 USC 1333 civil." (Civil Action No. 06-01047, Document No. 1.) That document was assigned Case No. 5:06-cv-01047. (Id.) In that document, Plaintiff again raised a Second Amendment challenge to his firearms conviction and challenged his guilty plea and sentence. (Id.) Judge Stanley submitted a Proposed Findings and Recommendation proposing that Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Plaintiff's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 06-990, Document No. 3; Civil Action No. 06-991, Document No. 5; Civil Action No. 06-0992, Document No. 5; Civil Action No. 06-0993, Document No. 5; and Civil Action No. 06-01047, Document No. 3.) By Judgment Order entered July 6, 2007, Judge Johnston consolidated Case Nos. 5:06-cv-991 and 5:06-cv-1047 and denied Plaintiff's habeas corpus applications. (Civil Action No. 06-00991, Document No. 11; and Civil Action 06-01047, Document No. 11.) By Judgment Order entered March 10, 2008, Judge Johnston consolidated Case Nos. 5:06-cv-990, 5:06-cv-0992, and 5:06-cv-0993, and dismissed the petitions. (Civil Action No. 06-990, Document Nos. 5 and 6; Civil Action No. 06-0992, Document Nos. 7 and 8; and Civil Action No. 06-0993, Document Nos. 7 and 8.)

On January 19, 2007, Plaintiff filed a document entitled "Petition in relation to Fraud on the Court(s) 28 U.S.C. 1333 soldiers and sailors civil relief Redress of Grievances." (Civil Action No. 07-00040, Document No. 1.) This document was docketed in Case No. 5:07-cv-00040. (Id.) The document is in the form of an "Affidavit at Law" and alleges that Plaintiff was "illegally forced into an illegal and unethical 'plea bargain'" through the ineffective assistance of his counsel. (Id.) Thus,

Plaintiff is again challenging the validity of his prior criminal conviction in this federal court for being a felon in possession of a firearm.

On February 21, 2007, Plaintiff filed another document entitled "Writ of Habeas Corpus; in the alternative; writ of procedendo, writ of error, writ of certiorari, writ of habeas corpus cum causa, writ of habeas corpus ad testificandum (to testify), writ of privilege, order to show cause, 28 U.S.C. § 2254." (Civil Action No. 07-00113, Document No. 1.) This document was docketed in Case No. 5:07-cv-0113. (Id.) The document is styled "In the Court of Federal Claims Indiana Supreme Court." (Id.) The document again challenges Plaintiff's guilty plea in this federal court to a charge of being a felon in possession of a firearm. (Id.)

Also on February 21, 2007, Plaintiff filed a document entitled "Writ of Quo Warranto, 28 USC 2241, 81A2, pursuant to Art. II U.S. Constitution. 28 USC 1333 soldiers and sailors civil relief." (Civil Action No. 07-00114, Document No. 1.) This document was docketed as Case No. 5:07-cv-00114, and challenges Plaintiff's conviction for being a felon in possession of a firearm under the Second Amendment of the United States Constitution. (Id.)

On March 12, 2007, Plaintiff filed a "Petition for a Writ of Habeas Corpus, Non Statutory FRCvP 81(a)(2)," again challenging the validity of his conviction for being a felon in possession of a firearm. (Civil Action No. 07-00151, Document No. 2.) On March 12, 2007, Plaintiff also filed an addendum to his petition, and a letter-form Motion for Change of Venue. (Id., Document Nos. 3 and 4.) These documents were docketed in Case No. 5:07-cv-00151.

By Memorandum Opinion and Judgment Order entered March 10, 2008, Judge Johnston consolidated Case Nos. 5:07-cv-00040, 5:07-cv-00113, 5:07-cv-00114, and 5:07-cv-00151, and dismissed them. (Civil Action No. 07-00040, Document Nos. 7 and 8; Civil Action No. 07-00113,

Document Nos. 7 and 8; Civil Action No. 07-00114, Document Nos. 7 and 8; and Civil Action No. 07-00151, Document Nos. 9 and 10.)

On April 5, 2007, Plaintiff filed a "Writ of Habeas Corpus pursuant to 28 USC 1361 & non statutory habeas FRCVP 81(a)(2), challenging the Gun Control Act of 1968, and asserting that he was "forced into an illegal 'plea bargain' by fraud and trickery." (Civil Action No. 07-00225, Document No. 1.) This case was docketed as No. 5:07-cv-00225. (Id.) On April 23, 2007, Plaintiff filed another document complaining that Respondents had not made an appearance in court. (Id., Document No. 3.)

On May 7, 2007, Plaintiff filed a "writ of habeas corpus pursuant to 28 USC 2255, 2244, frcp 81(a)(2), 28 USC 1331 Soldiers and Sailors civil relief, Motion for a Jury Trial de nova, petition to life tenured judge," arguing that the Gun Control Act of 1968 is unconstitutional, and that he was "forced to take a so called 'plea bargain' upon threat of life imprisonment." (Civil Action No. 07-00285, Document No. 1.) This case was docketed as Case No. 5:07-cv-00285. (Id.) On May 21, 2007, he filed a document objecting to the referral to a magistrate judge. (Id., Document No. 3.)

On August 24, 2007, Plaintiff filed a "writ of habeas corpus pursuant to frcp 81(a)(2) non statutory corpus 28 usc 1333," which is two pages of handwriting, followed by a typed document entitled, "Expatriation non statutory habeas corpus FRCVP 81 (a)(2)." (Civil Action No. 07-00526, Document No. 1.) This case was docketed as Case No. 5:07-cv-00526. (Id.) The handwritten document appears to complain about his plea agreement; the typed document constitutes his declaration that he has relinquished his citizenship of the United States, and is a State citizen of West Virginia. (Id.)

On August 24, 2007, Judge Stanley submitted a joint Proposed Findings and

7

Recommendation as to Case Nos. 5:07-cv-0225, 5:07-cv-0285, 5:07-cv-0526, proposing that Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Plaintiff's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 07-225, Document No. 4; Civil Action No. 07-285, Document No. 4; and Civil Action No. 07-0526, Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, Judge Johnston adopted Judge Stanley's Proposed Findings and Recommendation and dismissed the above cases.[3] (Civil Action No. 07-225, Document Nos. 5 and 6; Civil Action No. 07-285, Document Nos. 5 and 6; and Civil Action No. 07-0526, Document Nos. 4 and 5.)

**C. Plaintiff's present filings.**

In Plaintiff's Complaint, he sues the late District Judge Charles Haden and attorney William Turner claiming "violation of all petitioner's constitutional rights, violation of the Jury Selection Act, by threat, coercion, etc. Did in open court refuse to hear my constitutional rights. Did force petitioner's plea." (Civil Action 05-884, Document No. 1.) Plaintiff filed a memorandum arguing that he possesses "an individual right to bear arms," that "Judge Hayden did commit perjury," and that "my attorney allowed my railroading." (Id., Document No. 5.) On November 22, 2005, the Plaintiff wrote the Court again claiming that counsel was ineffective and that his plea was coerced. (Id., Document No. 8.) On December 19, 2005, Plaintiff filed a document alleging that his plea was unconstitutional. (Id., Document No. 9.) On April 24, 2006, Plaintiff filed a "Statutory Habeas Corpus FRCP 81.A2 Plain Error Rule 3741 Title 18 11th Amendment Const." requesting that his

---

[3] On July 14, 2008, Plaintiff filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Civil Action No. 08-919, Document No. 1.) This Petition is currently pending before this Court.

8

unconstitutional plea be withdrawn and new jury trial be conducted. (Id., Document No. 11.) On May 1, 2006, Plaintiff filed a document challenging the Gun Control Act of 1968 and a document setting forth the "historical aspects of habeas corpus." (Id., Document Nos. 13 and 14.) On May 8, 2006, Plaintiff filed three documents. (Id., Document Nos. 15 and 16.) In the first document, Plaintiff claims ineffective assistance of counsel. (Id., Document No. 15.) The two remaining documents are entitled "History Lesson in opposition to the 'militia' is the 'forma army claim'" and a "Non Statutory Habeas Corpus (FRCP 81a2) Rules 17-48 original juris 18 § 351(g)(h)(1) Mandamus." (Id., Document No. 16.)

> On February 21, 2007, Plaintiff filed a brief in support of his petition alleging as follows:
>
> I aver that in 1999 I was forced to take a 'plea bargain' by my attorney acting in concert with Judge Chas. Hayden d. and the prosecutor. The attorney wouldn't listen to my contentions and I had a difficult enough time making him bring up the constitution to the Judge. He did not act in my behalf but was acting as another United States Attorney, this is not in the cannon of bar ethics in fact he is supposed to represent his 'client' I therefore retract my 'plea' as having been by force and duress. I call on this court to grant me a fully informed jury trial with the U.S. Constitution as a controlling factor as it was set up to be. My trial was a farce and a miscarriage of 'justice.'

(Id., Document No. 21.) On February 23, 2007, Plaintiff filed two documents. First, Plaintiff filed a document stating that he retracts his plea bargain and requests that the Court vacate his sentence. (Id., Document No. 23.) Second, Plaintiff filed a "Writ of Habeas Corpus 28 U.S.C. § 2241 & FRCP 81(a)(2) Non Statutory Habeas." (Document No. 24.) Throughout his writing, Plaintiff consistently argues that Judge Haden committed perjury, his trial counsel was ineffective, and his plea was unconstitutional. Plaintiff therefore requests that he be allowed to withdraw his guilty plea and be granted a jury trial. Plaintiff also seeks "$150,000.00 punitive [and] $150,000.00 compensatory against each defendant." (Document No. 1.)

9

**THE STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the Court must dismiss the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). From the record available to the Court, it clearly appears that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the undersigned has determined that Plaintiff's Complaint in this case should be summarily dismissed.

**DISCUSSION**

Plaintiff alleges that his constitutional rights were violated during the course of his criminal prosecution in this federal court for being a felon in possession of a firearm. (Document No. 1.) Plaintiff names as Defendants the late District Judge Charles Haden and attorney William Turner. (Id.) Plaintiff essentially contends that he was convicted as a result of judicial misconduct and ineffective assistance of counsel. First, Plaintiff contends that Judge Haden misapplied the law and committed perjury. Second, Plaintiff claims that counsel was ineffective because he allowed Plaintiff to be "railroaded" into an involuntary plea. Given the nature of Plaintiff's allegations, it appears that Plaintiff is implying that his conviction is invalid as a result of various constitutional violations during his criminal trial in this federal court. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Bivens pursuant to Heck v. Humphrey, 512 U.S. 477, 114

S.Ct. 2364, 129 L.Ed.2d 383 (1994). See Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff appealed his conviction in Criminal Action No. 99-0161 to the Fourth Circuit Court of Appeals, and the Fourth Circuit affirmed Plaintiff's conviction. Plaintiff requested review in the United States Supreme Court, and the Supreme Court denied it. Plaintiff has filed numerous *habeas* petitions, and all petitions have been denied. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Bivens claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 1.), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E.

Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*, at the following address: Mr. James Preston Smith, #06505-084, USP Pollock, US Penitentiary, P.O. Box 2099, Pollock, LA 71467.

Date: February 3, 2009.

R. Clarke VanDervort
United States Magistrate Judge