IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JAMES PRESTON SMITH,

        Plaintiff,

v.                                CIVIL ACTION NO. 5:05-cv-00884

CHARLES HAYDEN and
WILLIAM TURNER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      Pending before the Court is Plaintiff's Complaint [Docket 1] filed on November 4, 2005. By Standing Order entered on July 21, 2004, and filed in this case on November 4, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). On April 17, 2006, the case was transferred to the undersigned District Judge. Magistrate Judge VanDervort found that the complaint should be construed as a complaint claiming relief pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and filed his PF&R [Docket 25] on February 3, 2009, recommending that this Court **DISMISS** Plaintiff's Complaint [Docket 1] and remove the action from the Court's docket.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely

objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections to the PF&R in this case were due on February 23, 2009. On February 27, 2009, Plaintiff filed a motion seeking an extension of time to file his objections, which the Court granted by Order dated March 3, 2009, extending the deadline to March 16, 2009. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R [Docket 25], **DISMISSES** Plaintiff's Complaint [Docket 1], and **DIRECTS** the Clerk to remove the case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    March 23, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE