# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JAMES PRESTON SMITH,

        Plaintiff,

v.                                          CIVIL ACTION NO. 5:05-cv-00884

CHARLES HAYDEN and
WILLIAM TURNER,

        Defendants.

### MEMORANDUM OPINION AND ORDER

      Pending before the Court is Plaintiff's Complaint [Docket 1] filed on November 4, 2005. By Standing Order entered on July 21, 2004, and filed in this case on November 4, 2005, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation (PF&R). On April 17, 2006, the case was transferred to the undersigned District Judge. Magistrate Judge VanDervort found that the complaint should be construed as a complaint claiming relief pursuant to *Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and filed his PF&R [Docket 25] on February 3, 2009, recommending that this Court **DISMISS** Plaintiff's Complaint [Docket 1] and remove the action from the Court's docket.

      The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely

objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on February 23, 2009. On February 27, 2009, Plaintiff filed a motion seeking an extension of time to file his objections, which the Court granted by Order dated March 3, 2009, extending the deadline to March 16, 2009. On March 23, 2009, the Court entered a Memorandum Opinion and Order [Docket 30] adopting the PF&R and dismissing the case. That same day, Plaintiff filed a second Letter-Form Motion for Extension of Time [Docket 29], seeking further additional time to file his objections. The Court construed that motion as a motion to reopen the case and by Order [Docket 32] dated April 8, 2009, vacated the judgment order, and directed the Clerk to reopen the case. Plaintiff timely filed his objections on April 17, 2009.

A review of Plaintiff's objections reveals that they are conclusory in nature and do not direct the Court to a specific portion of the PF&R to which Plaintiff objects. Specifically, Plaintiff takes issue with his access—or lack thereof—to legal materials, maintains that he is not bound by the Constitution or laws of the United States, and claims that he was "railroaded under a commercial scheme." (Docket 33 at 2.) At no point does Plaintiff address the Magistrate Judge's finding that he failed to state a cognizable claim under *Bivens*. Accordingly, Plaintiff's objections are **OVERRULED**.

In addition to recommending a dismissal of Plaintiff's instant action, the PF&R includes a six-page recitation of Plaintiff's litigation history in this Court. In fact, a review of the Court's records reveals that Plaintiff has filed twenty cases over the last five years, all of which have been dismissed as either meritless, time-barred, or both, and many of which assert duplicative claims against the defendants. Based on this lengthy litigation history, the Court is considering imposing a prefiling injunction on Plaintiff that would bar him from filing further actions in this Court to challenge his conviction and sentence without first procuring the services of an attorney or leave of Court. Accordingly, Plaintiff is hereby **NOTIFIED**, *see Cromer v. Kraft Foods N.A., Inc.*, 390 F.3d 812 (4th Cir. 2004), that the Court is considering entering such an injunction, and will be given until **June 12, 2009**, to submit a brief stating reasons why the Court should not enter a prefiling injunction against him.

For the reasons stated above, the Court **ADOPTS** the PF&R [Docket 25], **DISMISSES** Plaintiff's Complaint [Docket 1], and **DIRECTS** the Clerk to remove the case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 8, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE