**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMES PRESTON SMITH,

Plaintiff,

v. CIVIL ACTION NO. 5:05-cv-00884

CHARLES HAYDEN and
WILLIAM TURNER,

Defendants.

**MEMORANDUM OPINION AND INJUNCTION ORDER**

On May 8, 2009, the Court entered a Memorandum Opinion and Order [Docket 34] and Judgment Order [Docket 35] overruling Plaintiff's objections, adopting the proposed finding and recommendation (PF&R) of United States Magistrate Judge R. Clarke Vandervort, and dismissing the case from the docket. In the Memorandum Opinion and Order, the Court noted Plaintiff's lengthy history of litigation in this Court and notified him that the Court was considering entering a prefiling injunction to bar him from filing additional lawsuits without an attorney or leave of Court. (Docket 34 at 3.) Plaintiff was given until June 12, 2009, to file a brief stating the reasons why such an injunction should not be entered. Plaintiff timely filed his responsive brief on May 29, 2009.

"Undoubtedly, the All Writs Act, 28 U.S.C. § 1651(a) (2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants." *Cromer v. Kraft Foods N.A., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, "a judge should not in any way limit a

litigant's access to the courts absent 'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" *Id.* at 817–18 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). Importantly, "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" *Id.* (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

The Fourth Circuit has held that, when considering whether to enter a prefiling injunction against a pro se litigant, district courts should weigh four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Cromer*, 390 F.3d at 818. Further, if a district court determines that an injunction is appropriate, it must ensure that the injunction is "narrowly tailored to fit the specific circumstances at issue," and must "afford a litigant notice and an opportunity to be heard." *Id.* at 818–19.

The Court has previously notified Plaintiff that a prefiling injunction may be entered and has given him a chance to respond. (*See* Docket 34 at 3.) In his responsive filings, Plaintiff fails to set forth any reasoning as to why a prefiling injunction would be inappropriate. Rather, his filings reinforce the need for such an injunction by stating in a conclusory manner that he has "rejected [a] magistrate on at least two and perhaps as many as five occasions," and claiming that he is "imprisoned in opposition to the law of the land." (Docket 36 at 1.) In an attachment to the first filing, Plaintiff states that he "REQUEST[S] PROTECTION UNDER THE TENTH AMENDMENT

[sic]," that he "at no time gave up the RIGHT TO KEEP AND BEAR ARMS [sic]," and that the "ACCA is unconstitutional on its face and as applied." (Docket 36-2 at 1–2.)

Finding no merit in Plaintiff's filings, the Court moves on to its consideration of the factors set forth in *Cromer*. As to the first factor, since 2004, Plaintiff has filed twenty lawsuits related to his 2000 guilty plea and subsequent 207-month sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).[1] Many of those cases have been consolidated because they involve the same or substantially similar claims for relief, and all of them—except for 5:08-cv-00919, which is currently pending and has been referred to the magistrate judge for proposed findings and a recommendation—have been dismissed as time-barred and/or meritless. At no point in Plaintiff's lengthy history of litigation has he alleged any type of colorable claim against any of the defendants. In fact, many of his claims, such as his allegation in the instant case that his sentencing judge committed perjury, are completely baseless and border on the absurd. These considerations also apply to the second factor—whether Plaintiff has a good faith basis for the litigation. Despite the Court's dismissal of most of Plaintiff's claims as time-barred, he continues to file new actions based on the same or substantially similar allegations related to his criminal conviction. Further, because none of Plaintiff's claims have been found to have any merit by this Court, it is clear that he lacks a good faith basis for filing them and that the filings are merely intended to harass Defendants and burden the Court.

---

[1] Those lawsuits have all been filed in the United States District Court for the Southern District of West Virginia, Beckley Division, and consist of the following case numbers: 5:04-cv-01262, 5:05-cv-00633, 5:05-cv-00884, 5:06-cv-00479, 5:06-cv-00480, 5:06-cv-00481, 5:06-cv-00645, 5:06-cv-00990, 5:06-cv-00991, 5:06-cv-00992, 5:06-cv-00993, 5:06-cv-01047, 5:07-cv-00040, 5:07-cv-00113, 5:07-cv-00114, 5:07-cv-00151, 5:07-cv-00225, 5:07-cv-00285, 5:07-cv-00526, and 5:08-cv-00919.

As to the third factor, Plaintiff's lengthy history of meritless litigation necessarily implies a heavy burden on the Court. Although Defendants have not been compelled to answer in the vast majority of Plaintiff's cases, the Court and the magistrate judges of this District are required to screen the cases, draft proposed findings, give Plaintiff the opportunity to object, and resolve any objections, which are typically without merit and often are not addressed to the PF&R. Given the other matters to which the Court could be giving its time and effort, the burden imposed by Plaintiff's frivolous filings is not a light one. Accordingly, the third favor also weighs in favor of an injunction.

The fourth factor—the possibility of alternative sanctions—also weighs in favor of an injunction. Plaintiff is a pro se prisoner. Thus, he is unlikely to possess the resources to pay any kind of monetary penalty the Court may impose. Likewise, because he is currently incarcerated, the threat of imprisonment is unavailable as an alternative sanction. Thus, the imposition of a narrowly-tailored prefiling injunction is the most appropriate remedy in this case.[2]

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff James Preston Smith is hereby **ENJOINED** from filing any actions in the United States District Court for the Southern District of West Virginia without the representation of an attorney licensed to practice in the State of West Virginia and admitted to practice in this Court, unless he has first obtained leave of court to

---

[2] Although the magistrate judge did not make such a finding in the PF&R and the Court does not expressly find here, because three or more of Plaintiff's prior suits have been dismissed on the ground that they failed to state a claim, Plaintiff is barred by 28 U.S.C. § 1915(g) from pursuing further actions in forma pauperis unless he is "under imminent danger of serious physical injury."

proceed pro se and in forma pauperis on the grounds that he is in imminent danger of serious physical injury, or unless he has paid the required filing fee in full.

2. The Clerk is **DIRECTED** not to accept any additional filings from James Preston Smith without the representation of at attorney as outlined above, payment in full of the required filing fee, or a showing that he has obtained leave of Court.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to Plaintiff pro se, counsel of record and any unrepresented party.

ENTER: June 2, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE